**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JAN 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50317 |
| Plaintiff - Appellee, | D.C. No. CR-09-2792-BTM |
| v. | |
| MELVIN LUTRELL McGEE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and submitted December 9, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.**

Melvin Lutrell McGee appeals his sentence imposed after his guilty plea to

voluntary manslaughter in violation of 18 U.S.C.A. § 1112. Although his 71-month

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

sentence falls within the applicable range of the Sentencing Guidelines, McGee argues that it should be reversed for three reasons. First, McGee contends that the district court erroneously treated his offense as murder, rather than voluntary manslaughter. In a related argument, McGee claims that the court improperly rejected his explanation of his state of mind in commission of the offense. Finally, McGee argues that the sentence was procedurally erroneous because the court used the statutory maximum as its analytical starting point, rather than the Guidelines range.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). After carefully reviewing the record, we conclude that the sentence imposed by the district court was not unreasonable.

The district court did not contradict McGee's voluntary manslaughter conviction by discrediting his claim that the victim had reached for a gun. Under federal law, "[i]f the defendant killed with the mental state required for murder . . . , but the killing occurred in the 'heat of passion' caused by adequate provocation, then the defendant is guilty of voluntary manslaughter." *United States v. Paul*, 37 F.3d 496, 499 (9th Cir. 1994). "Heat of passion" encompasses a state of "'rage, resentment, anger, terror *or* fear'" in which the defendant loses self-control as a result of circumstances that would provoke such a passion in an ordinary person, but which do not justify the use of deadly force. *United States v. Frady*, 456 U.S. 152, 170 n.18

(1982) (emphasis added) (quoting *Austin v. United States*, 382 F.2d 129, 137 (D.C. Cir. 1967), *overruled on other grounds by United States v. Foster*, 783 F.2d 1082, 1085 (D.C. Cir. 1986)).  Thus, a finding of imperfect self-defense was not necessary for the offense to qualify as voluntary manslaughter.

For similar reasons, we do not accept McGee's argument that the district court improperly rejected the written explanation of his state of mind.  As discussed, the court did not automatically default to murder when it rejected McGee's explanation.  Moreover, given the broad discretion of the district court at sentencing, *see Nichols v. United States*, 511 U.S. 738, 747 (1994), it was not unreasonable for the court to express skepticism as to the credibility of McGee's explanation for his crime.

Furthermore, we reject McGee's procedural error claim.  It is established that "[a]ll sentencing proceedings are to begin by determining the applicable Guidelines range." *Carty*, 520 F.3d at 991.  The record shows that the district court started its analysis with the Guidelines range and repeatedly referred to it throughout the sentencing process.[1]  The court also engaged in a lengthy analysis of each of the § 3553(a) factors, highlighting the seriousness of the offense and the fact that McGee did not take responsibility for the crime until he was implicated by someone else 20 years later.  The within-Guidelines sentence was not procedurally improper simply

---

[1] Immediately after a victim impact statement, the court stated, "Are you ready to make your recommendation and your guideline calculations?  Why don't we start there."

because the court made reference to the statutory maximum near the beginning of the sentencing hearing.

**AFFIRMED.**